IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Sarah Crawford, on her own behalf and On behalf of the Estate of Ralph Crawford<br>　　Plaintiff,<br><br>v.<br><br>Syngenta Crop Protection, LLC LLC, and Chevron USA, Inc.<br><br>　　Defendants. | Case No. 22-pq-807-NJR |

## UNOPPOSED MOTION FOR STAY OF CMO NO. 10

Plaintiff Sarah Crawford filed this case in Delaware, the only state where Defendant Syngenta Crop Protection LLC ("Syngenta") says it is "at home." (*See* Dkt. 1, ¶ 14.)[1] Nonetheless, Syngenta removed using a procedure called "snap" removal—where a defendant claims to be exempted from 28 U.S.C. § 1441(b)(2)'s forum-defendant rule because it managed to file removal papers before the plaintiff could complete (or, as here, even attempt) service. (*See generally* Remand Motion, Dkt. 6.) Plaintiff contends that snap removal is improper and that 28 U.S.C. § 1441(b)(2) requires that this case be remanded to the Delaware state courts. (*See id.*) Defendants oppose remand. Given the doubts as to this Court's authority to hear this case, Plaintiff respectfully requests a short stay of Case Management Order ("CMO") No. 10 until the Court can adjudicate Plaintiff's remand motion. Defendants do not oppose the relief that Plaintiff seeks.

This Court has broad authority to stay the effect of its orders. *See Durbin v. Carrols Corp.*, No. 3:19-CV-1212-NJR, 2020 WL 134768, at *4 (S.D. Ill. Jan. 13, 2020) (*citing Landis v. North*

---

[1] All "Dkt." citations are to filings in this member case, not to the MDL master docket.

*American Co.*, 299 U.S. 248, 255 (1936); *Texas Independent Producers and Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005)). Before exercising this inherent power, courts generally "weigh competing interests and consider the economy of time and effort for itself, counsel, and litigants." *Id.*; *see also Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019); *Roberson v. Maestro Consulting Servs. LLC*, No. 20-CV-00895-NJR, 2021 WL 1017127, at *1 (S.D. Ill. Mar. 17, 2021). Stays should generally be short and tailored to achieve these efficiencies. *See Landis*, 299 U.S. at 257.

A short stay of CMO No. 10's requirement to serve a plaintiff's assessment questionnaire ("PAQ") is warranted here. *See In re: Paraquat Products Liability Litigation*, No. 21-md-3004-NJR (S.D. Ill.), ECF No. 469. Plaintiff has challenged the propriety of this case's removal, a challenge that requires all doubts to be resolved in favor of remand. *See Wirtz v. United Distillers Vintners N.A.*, 224 F.3d 708, 715 (7th Cir. 2000); *see also* Dkt. 6. Because the remand motion implicates this Court's authority to entertain this case in the first place, it would be more efficient to permit the parties to complete briefing on remand before proceeding with a PAQ. *See Page v. Democratic Nat'l Comm.,* 2 F.4th 630, 634 (7th Cir. 2021) ("[A]s the Supreme Court has long instructed, federal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). No economies are served nor efficiencies realized by completing, serving, and assessing a PAQ for a case that is ultimately remanded back to state court. Thus, in the interest of this Court's time, along with that of the parties and their attorneys, Plaintiff respectfully requests that the Court enter a stay of CMO No. 10 until such time as the Court enters an order on Plaintiff's motion to remand (Dkt. 6).

Such a stay would be appropriately brief and narrow. Plaintiff moved for remand on April 26, 2022. Syngenta's response is due on or before May 26.[2] Plaintiff's reply, if any, is due on or before June 9. The remand motion will therefore be ready for the Court's decision within the next few weeks. Plaintiff will complete the PAQ within 14 days after the Court's order, should remand be denied. This delay is both minimal and reasonable in light of efficiencies to be gained.

Plaintiff respectfully requests a stay of CMO No. 10 until such time as the Court enters an order on Plaintiff's motion for remand. Should the Court deny remand, Plaintiff would submit a PAQ in accordance with CMO No. 10 within fourteen days.

Dated: May 25, 2022

Respectfully submitted,

/s/ Aimee Wagstaff
Aimee Wagstaff, Esq.
Colo Bar No. 36819
Benjamin Gillig, Esq.
Colo Bar No. 56144
Wagstaff Law Firm
940 N. Lincoln Street
Denver, CO 80203
awagstaff@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

Raeann Warner, Esq.
DE Bar No. 4931
JACOBS & CRUMPLAR, P.A.
750 Shipyard Drive, Suite 200
Wilmington, DE 19801
Raeann@jcdelaw.com

*Attorneys for Plaintiff*

---

[2] *See* Chief Judge Rosenstengel's Case Management Procedures at 5, https://www.ilsd.uscourts.gov/documents/Rosenstengel.pdf.

## CERTIFICATE OF SERVICE

I certify that on May 25, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

>*/s/ Aimee H. Wagstaff*
>Aimee Wagstaff
>Awagstaff@wagstafflawfirm.com